IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CASSANDRA DORISMOND,                )
                                    )
        Plaintiff,                  )        CIVIL ACTION FILE
                                    )        NO. 1:22-CV-02880-AT-RDC
v.                                  )
                                    )
CLAYTON COUNTY BOARD                )
OF COMISSIONERS,                    )
                                    )
        Defendant.                  )
                                    )

## <u>DEFENDANT'S ANSWER AND DEFENSES TO<br>PLAINTIFF'S AMENDED COMPLAINT</u>

COMES NOW defendant Clayton County, Georgia ("Defendant" or the "County"), by and through the undersigned counsel, and hereby files its answer and defenses to Plaintiff's amended complaint[1] (Doc. 19) (the "Complaint"), showing the Court as follows:

---

[1] Plaintiff's original Complaint was filed on July 25, 2022 (Doc. 10). In response, Defendant filed a motion for more definite statement (Doc. 16). The Court thereafter extended Plaintiff's deadline to respond to that motion until January 9, 2023. (Doc. 18). While Plaintiff purported to file a document titled "Response to More Definite Statement" (Doc.19), that pleading actually appears to be an Amended Complaint. Accordingly, out of an abundance of caution, Defendant is responding to that pleading under Rules 8 and 12.

## FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff failed to properly serve the County as required under Rule 4 of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

The County is entitled to sovereign immunity from Plaintiff's Count Three claim for "Reckless Endangerment to the Public."   No such claim is recognized by Georgia law and, in any event, no act of the General Assembly has waived the County's immunity from such claim.

## FOURTH DEFENSE

Plaintiff's Count Three claim is additionally barred by Plaintiff's failure to give a timely and adequate ante-litem notice to the County.

## FIFTH DEFENSE

Plaintiff's claims under the FMLA, FFCRA, and/or EMFMLEA, as set forth in Counts One and Two of the Complaint, are barred in whole or in part by the applicable statute of limitations and/or failure to satisfy any and all conditions precedent or statutory prerequisites to filing this suit and/or by filing to exhaust her

administrative remedies.  Moreover, no act or omission of the County towards Plaintiff was willful or intentional such as to give rise to either liquidated damages or a third year of liability under the applicable statute of limitations.  The County has always acted in good faith compliance with all federal and state laws and had reasonable grounds for believing that its act and/or omissions with respect to Plaintiff were in compliance with federal, state, and local law.

## SIXTH DEFENSE

Plaintiff was never denied a benefit to which she was allegedly entitled under the FMLA, FFCRA, or EMFMLEA.

## SEVENTH DEFENSE

All actions taken by the County with respect to the terms and conditions of Plaintiff's employment were for legitimate, non-discriminatory, and/or non-retaliatory reasons.  No impermissible discriminatory or retaliatory motive played any motivating factor in Defendant's treatment of Plaintiff.  Alternatively, even if Plaintiff could demonstrate that discrimination or retaliation played a motivating part in any such action, which is expressly denied, the same action would have been taken for legitimate, non-discriminatory, and/or non-retaliatory reasons.

## EIGHTH DEFENSE

No act or omission of Defendant either proximately caused or contributed to any damages allegedly suffered by Plaintiff; therefore, Plaintiff has no right of recovery against Defendant.

## NINTH DEFENSE

Any injuries or damages sustained by Plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to Plaintiff; and no alleged act or omission by Defendant in any way caused or contributed to the harm alleged in the complaint.

## TENTH DEFENSE

Plaintiff's claims for damages may be barred, in whole or in part, by the doctrine of after-acquired evidence and/or to the extent she has failed to mitigate her alleged damages as required by law.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata.

## TWELFTH DEFENSE

Defendant reserves the right to plead and prove such other defenses as may become known to it during the course of its investigation and discovery.

Responding to the numbered paragraphs of Plaintiff's Complaint, Defendant answers as follows:

## PARTIES, JURISDITION AND VENUE

1.

Defendant admits the allegations contained in paragraph 1 of the Complaint.

2.

Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.

Defendant admits that this Court has subject matter jurisdiction, but otherwise denies the allegations set forth in Paragraph 3.

4.

Defendant admits that venue is proper in this Court, but otherwise denies the allegations set forth in Paragraph 4.

## ANSWER TO "FACTS"

5.

Defendant notes that paragraph 5 of the Complaint contains approximately nine (9) sentences of factual allegations, contrary to FRCP 8(a)(2) and (d)(1).

Defendant admits the allegations contained in the first, second, and ninth sentences of paragraph 5 of Plaintiff's Complaint.

Defendant denies the allegations contained in the fourth, fifth, sixth, seventh, and eighth sentences of paragraph 5 of Plaintiff's Complaint as stated and puts Plaintiff upon strict proof of the same.

Defendant can neither admit nor deny the allegations contained in the third sentence of paragraph 5 of Plaintiff's Complaint for want of sufficient information such that the allegations are deemed denied.

Further responding, Defendant states that Plaintiff was employed by Defendant from September 29, 2014 – July 22, 2020. She began part-time in the Finance department, and on or about November 23, 2015, Plaintiff was hired as a full-time Audit Assistant in the Internal Audit department. On or about July 1, 2017, Plaintiff was promoted to Associate Auditor. She was demoted back to Audit Assistant on March 16, 2020 for insubordination and inadequate performance of her job duties. Plaintiff initially appealed the demotion to the Clayton County Civil Service Board, but withdrew the appeal prior to hearing. On July 22, 2020, she was terminated for insubordination. Her termination was upheld by the Clayton County Civil Service Board on July 27, 2022. Plaintiff did not seek judicial review of the decision of the Civil Service Board.

6.

Defendant denies as pled the allegations and legal conclusions contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendant admits that Plaintiff was approved on or about December 16, 2019, for intermittent leave under the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA") to care for her mother and daughter.  Defendant admits that its Human Resources Department notified Stacey Merritt, Director of Internal Audit, of the approval of intermittent FMLA leave from December 5, 2019 – February 27, 2020.  Except as specifically admitted herein, Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies as pled the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies as pled the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies as pled the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendant admits that Director Merritt sent an email regarding a revision to an existing planning tool, but denies that the email was sent only to Tonya Pierre and Leslie Moore; the email went to all affected staff, including Plaintiff. Defendant otherwise denies as stated the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies as pled the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendant admits Plaintiff worked in the office on March 2, 2020, denies that Plaintiff was on intermittent FMLA leave on March 2, 2020, and can neither admit nor deny the remaining allegations contained in paragraph 13 of Plaintiff's Complaint for want of sufficient information such that the allegations are deemed denied.

14.

Defendant can neither admit nor deny the allegations contained in paragraph 14 of Plaintiff's Complaint for want of sufficient information such that the allegations are deemed denied.

15.

Defendant denies as pled the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

Defendant admits that Director Merritt asked Plaintiff about the status of the audit of State Court Plaintiff was conducting.   Defendant admits that Director Merritt did not have time to meet with Plaintiff at the instant Plaintiff requested, but denies that Director Merritt refused to discuss the revised planning tool or answer Plaintiff's questions about it.   Defendant denies the remaining allegations contained in paragraph 16 of Plaintiff's Complaint as stated.

17.

Defendant denies that Director Merritt refused to discuss the revised planning tool or answer Plaintiff's questions about it, denies that anyone harassed Plaintiff or retaliated against Plaintiff in any way whatsoever, and denies as stated the remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

Responding to the allegations contained in paragraph 18 of Plaintiff's Complaint, Defendant admits that Plaintiff's workload was less than other employees in the same position and nothing she had not done previously. Defendant specifically denies that Plaintiff was assigned additional large audits requiring exponential amounts of time to complete, and denies as pled the remaining allegations contained in paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint as stated.

21.

Defendant admits that Director Merritt emailed Plaintiff on March 5, 2020, denies that Plaintiff initiated the contact, denies that Plaintiff made multiple meeting requests that were denied by Director Merritt, and denies that Director Merritt refused to discuss the revised planning tool or answer Plaintiff's questions

about it.  Defendant denies the remaining allegations contained in paragraph 21 of Plaintiff's Complaint as stated.

22.

Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint as stated.

23.

Defendant admits that Plaintiff submitted the report several days late and that the report contained a highly unreasonable calculation of the time required to complete the State Court audit.   Defendant can neither admit nor deny the allegations contained in paragraph 23 of Plaintiff's Complaint for want of sufficient information such that the allegations are deemed denied.

24.

Defendant admits that Plaintiff was demoted, but otherwise denies as pled the allegations set forth within paragraph 24 of Plaintiff's Complaint.

25.

Defendant admits that Director Merritt met with Plaintiff on March 9, 2020, and hand delivered the notice of demotion at that time.  Defendant denies as stated the remaining allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies as pled the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies as stated the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.

Defendant admits that the order closing county buildings was issued on March 13, 2020, but denies the remaining allegations contained in paragraph 28 of Plaintiff's Complaint.  The County reopened its facilities on May 11, 2020.

29.

Defendant denies as stated the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies as pled the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies as pled the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.

Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint as stated.

33.

Defendant denies as pled the allegations contained in paragraph 33 of Plaintiff's Complaint as stated.

34.

Defendant denies as pled the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.

Defendant admits that Director Merritt denied Plaintiff's request to work remotely, denies that the duties of Plaintiff's position were suitable for remote work, particularly in light of Plaintiff's recent performance issues leading to demotion, and denies the remaining allegations contained in paragraph 35 of the Plaintiff's Complaint.

36.

Defendant denies that Plaintiff was the only employee in the internal audit department who was not allowed to work remotely on a full-time basis, but can neither admit nor deny the allegations contained in paragraph 36 of the Plaintiff's

Complaint for want of sufficient information such that the allegations are deemed denied.

37.

Defendant admits that Plaintiff lost a cell phone belonging to Defendant and assigned to Plaintiff; however, Plaintiff did not report the phone as lost or misplaced until Director Merritt instructed her to turn it in following her demotion. Defendant denies the remaining allegations contained in paragraph 37 of the Plaintiff's Complaint as stated.

38.

Defendant admits that the Chairman of the Clayton County Board of Commissioners issued an order on March 13, 2020, closing County facilities due to the COVID-19 pandemic and that Director Merritt instructed Plaintiff to file a police report with the Clayton County Police Department regarding the lost cell phone. Defendant denies the remaining allegations contained in paragraph 38 of the Plaintiff's Complaint as stated.

39.

Defendant can neither admit nor deny the allegations contained in paragraph 39 of the Plaintiff's Complaint want of sufficient information such that the allegations are deemed denied.

40.

Defendant admits that Director Merritt obtained additional information from Defendant's IT department and provided that information to Plaintiff for the police report and that Plaintiff subsequently provided the case number for the police report. However, Defendant denies the remaining allegations contained in paragraph 40 of the Plaintiff's Complaint as stated.

41.

Defendant admits that Plaintiff was granted leave under the Families First Coronavirus Response Act ("FFCRA") and Emergency Family and Medical Leave Expansion Act, P.L. 116-127, 134 Stat. 178 ("EFMLEA") from May 11 – July 11, 2020, to care for her minor child due to the closure of schools and childcare providers and denies the remaining allegations contained in paragraph 41 of the Plaintiff's Complaint as stated.

42.

Defendant denies the allegations contained in paragraph 42 of the Plaintiff's Complaint.

43.

Defendant admits that Internal Audit Director Stacey Merritt and Human Resources Director Pamela Ambles sent emails regarding the need for Plaintiff to

submit the police report for the lost County property, but denies the remaining allegations contained in paragraph 43 of the Plaintiff's Complaint as stated.

44.

Defendant denies the allegations contained in paragraph 44 of the Plaintiff's Complaint as stated.

45.

Defendant admits that Plaintiff did respond in some fashion to the communications from Directors Merritt and Ambles but denies the remaining allegations contained in paragraph 45 of the Plaintiff's Complaint as stated.

46.

Defendant can neither admit nor deny the allegations contained in paragraph 46 of the Plaintiff's Complaint for want of sufficient information such that the allegations are deemed denied.

47.

Defendant admits Director Ambles informed Plaintiff that she would have to pay for the lost phone if she did not provide the required documentation – the police report that the Defendant had been requesting for months – but denies the remaining allegations contained in paragraph 47 of the Plaintiff's Complaint.

48.

Defendant admits that Director Ambles responded to Plaintiff's inquiry about paying for the lost phone but denies the remaining allegations contained in paragraph 48 of the Plaintiff's Complaint as stated.

49.

Defendant denies the allegations contained in paragraph 49 of the Plaintiff's Complaint as stated. Defendant admits that Plaintiff's employment was terminated on July 16, 2020, after she returned to work, but denies it was related to her leave. Rather, Plaintiff was terminated for failing and refusing to follow a direct lawful order to provide a copy of the police report documenting the lost County cell phone, a directive she had ignored for weeks. Director Merritt made repeated requests for the report after Plaintiff returned to work, and Plaintiff still did not obtain and provide a copy until Director Merritt sent her to the police station during her work hours. Plaintiff was terminated for insubordination, only the latest in a series of incidents of insubordination going back over a year.

## ANSWER TO COUNT ONE
## <u>INTERFERENCE FOR EXERCISE OF FMLA RIGHTS ON DEMOTION</u>

### 50.

Responding to the allegations contained in paragraph 50 of Plaintiff's Complaint, Defendant hereby incorporates by reference as if fully set forth verbatim herein the responses previously made in the preceding paragraphs.

### 51.

Defendant admits that Plaintiff was approved for intermittent leave under FMLA to care for her daughter and her mother, December 5, 2019 – February 27, 2020, then continued February 28 – May 28, 2020. Except as specifically admitted herein, Defendant denies the allegations contained in paragraph 51 of the Plaintiff's Complaint.

### 52.

Defendant admits that Plaintiff was demoted, effective March 16, 2020, but otherwise denies the allegations contained in paragraph 52 of the Plaintiff's Complaint.

### 53.

Defendant denies the allegations contained in paragraph 53 of the Plaintiff's Complaint.

54.

Defendant denies the allegations contained in paragraph 54 of the Plaintiff's
Complaint.

55.

Defendant denies the allegations contained in paragraph 55 of the Plaintiff's
Complaint.

56.

Defendant denies the allegations contained in paragraph 56 of the Plaintiff's
Complaint.

57.

Defendant denies the allegations contained in paragraph 57 of the Plaintiff's
Complaint.

58.

Defendant denies the allegations contained in paragraph 58 of the Plaintiff's
Complaint.

**ANSWER TO COUNT TWO**
**INTERFERENCE AND RETALIATION FOR EXERCISE OF FMLA**
**RIGHTS ON TERMINATION**

59.

Responding to the allegations contained in paragraph 59 of Plaintiff's Complaint, Defendant hereby incorporates by reference as if fully set forth verbatim herein his responses previously made in the preceding paragraphs.

60.

Defendant admits that Plaintiff was an eligible employee within the meaning of the FFCRA and that she was granted leave under FFCRA from May 11 – July 11, 2020 to care for her minor child while schools and childcare were closed due to COVID-19, but denies that Plaintiff was eligible for any other form of leave under FMLA, FFCRA, or otherwise.   Defendant denies the remaining allegations contained in paragraph 60 of Plaintiff's Complaint as stated.

61.

Defendant admits that it terminated Plaintiff's employment on July 22, 2020, but denies the remaining allegations contained in paragraph 61 of Plaintiff's Complaint.

62.

Defendant denies the allegations contained in paragraph 62 of Plaintiff's Complaint.

63.

Defendant admits that the County allowed some of its employees to work remotely once the County facilities reopened on May 11, 2020, but that decision was in the discretion of each department head based on the position held by the employee, the nature of the work performed, the needs of the County and the department, and the employee's performance and attendance history, among other factors. Defendant denies that Plaintiff was the only employee in the internal audit department who was not allowed to work remotely on a full-time basis and denies the remaining allegations contained in paragraph 63 of Plaintiff's Complaint.

64.

Defendant denies the allegations contained in paragraph 64 of Plaintiff's Complaint.

65.

Defendant denies the allegations contained in paragraph 65 of Plaintiff's Complaint.

66.

Defendant denies the allegations contained in paragraph 66 of Plaintiff's Complaint.

67.

Defendant denies the allegations contained in paragraph 67 of Plaintiff's Complaint.

## ANSWER TO COUNT THREE
## RECKLESS ENDANGERMENT TO THE PUBLIC

68.

Defendant denies the allegations contained in paragraph 68 of Plaintiff's Complaint.

## ANSWER TO PRAYER FOR RELIEF

69.

Responding to the allegations contained in the unnumbered paragraph of Plaintiff's Complaint entitled "Prayer For Relief," Defendant denies all such allegations, including all subparagraphs thereof, and specifically denies that Plaintiff is entitled to any of the relief requested in any form, type, or amount, under any theory at law or in equity.

70.

Except as expressly admitted, denied, or otherwise responded to, Defendant denies all allegations contained in Plaintiff's Complaint.

WHEREFORE, having fully listed its defenses and having fully answered the Complaint, Defendant prays as follows:

(a)   That judgment be entered in favor of Defendant and against Plaintiff on the Complaint;

(b)   That the costs of this action, including attorney fees, be cast against Plaintiff; and

(c)   That the Court grant such other and further relief as it may deem just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY
ON ALL ISSUES SO TRIABLE.**

**FREEMAN MATHIS & GARY, LLP**

*/s/ Michelle M. Youngblood*
John D. Bennett
Georgia Bar No. 059212
john.bennett@fmglaw.com
M. Michelle Youngblood
Georgia Bar No. 783443
michelle.youngblood@fmglaw.com
*Attorney for Defendant*

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants:

Cassandra Dorismond
841 E. Solomon Street
Griffin, GA 30223
Cdorismond51@gmail.com

This 23rd day of January, 2023.

*/s/ Michelle Youngblood*
M. Michelle Youngblood
Georgia Bar No. 783443

FREEMAN MATHIS & GARY, LLP
661 Forest Parkway
Suite E
Forest Park, Georgia  30297-2257
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)